IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY SMITH, | No. C 11-2559 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE TO MIDDLE DISTRICT OF NORTH CAROLINA** |
| v. | |
| AETNA LIFE INSURANCE COMPANY, | |
| Defendant. | |

Defendant's motion to transfer venue is scheduled for a hearing on September 9, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendant's motion and TRANSFERS this action to the United States District Court for the Middle District of North Carolina.

**BACKGROUND**

On May 26, 2011, plaintiff Tammy Smith filed this action alleging that defendant Aetna Life Insurance Company violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, by denying plaintiff's application for long term disability ("LTD") benefits. Compl. ¶ 5.

Plaintiff resides in High Point, North Carolina, and was employed by Bank of America in Greensboro, North Carolina for nine years. *Id.* ¶ 3, 5, 6. Plaintiff filed a claim for LTD benefits from defendant Aetna, the plan administrator for Bank of America, and was denied benefits while she resided in North Carolina. *See id.* ¶¶ 3, 5. Aetna is a Connecticut corporation with its principal place of

business in Hartford, Connecticut. *Id.* ¶ 4. The LTD plan at issue was not administered in the Northern District of California. Devlin Decl. ¶ 6.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). If the forum is found to be inconvenient under 28 U.S.C. § 1404(a), the remedy is transfer, not dismissal. *See Collins v. American Automobile Insurance Company*, 230 F.2d 416, 418 (2d Cir. 1956).

A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). To support a motion for transfer, the moving party must establish: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). Transfer is discretionary, but is governed by certain factors specified in § 1404(a) and in relevant case law.

## DISCUSSION

Defendant moves to dismiss or transfer this case pursuant to 28 U.S.C. § 1404(a) on the ground that plaintiff does not reside in or have any contacts, other than the location of her counsel, with the Northern District of California. Defendant argues that should discovery and trial testimony be necessary in this case, the Middle District of North Carolina is a more convenient forum than California because plaintiff's residence, former employer, and plaintiff's medical providers are all located in North Carolina. Plaintiff asserts this district is the more convenient forum due to the location of her counsel, and she argues that this case will almost certainly be decided upon the administrative record and

therefore that no discovery or trial testimony will be required..

As an initial matter, the Court finds that venue would be proper in either this district or the Middle District of North Carolina. ERISA provides that venue is proper in "the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). There is no dispute that defendant may be found in both districts.

Once venue is determined to be proper in both districts, the Court evaluates the following factors to determine which venue is more convenient to the parties and the witnesses: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *See Jones v. GNC Franchising Inc.*, 211 F.3d at 498-499.

The Court finds that on balance, these factor favor transfer. Where a plaintiff does not reside in the forum, the Court may afford his choice considerably less weight. *See* Schwarzer et. al., Federal Civil Procedure Before Trial § 4:761 (2011). Here, plaintiff Smith is currently a resident of North Carolina, and she was a resident of North Carolina for all periods of time relevant to this case. Defendant's alleged breach of ERISA stems from plaintiff's application for LTD benefits, which was filed in North Carolina.

The only connection plaintiff has to this district is the presence of her counsel. Plaintiff contends that there are a "limited number of attorneys in the country who handle ERISA disability benefits cases" and filing in this district is the most economically viable option. Pl.'s Opp'n 2:7-16. While the Court is sympathetic to these concerns, it is nevertheless undisputed that none of the events giving rise to plaintiff's ERISA claim occurred in California. Section 1404(a) refers to "parties" and not counsel. *See* 28 U.S.C § 1404(a). The convenience of counsel is not considered for purposes of deciding whether a venue is convenient for the purposes of § 1404(a). *See In re. Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) ("The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question o f the transfer of venue."); *Solomon v. Continental American*, 472 F.2d 1043, 1047 (3d Cir. 1974) ("The convenience of counsel is not a factor to be considered.").

Plaintiff relies on *Abercrombie v. Continental Casualty Company* to support her argument that

3

her lack of contacts with this district does not warrant transfer. In that case, the court stated "even if [plaintiff] has no contacts with South Carolina, the exercise of personal jurisdiction over [defendant] is proper." 295 F. Supp. 2d 604, 607 (D.S.C. 2003). There, unlike here, the defendant moved to transfer pursuant to § 502(e)(2) of ERISA. The court expressly limited its discussion to the consideration of improper venue under § 502(e)(2), and the court noted that defendant "[did] not move to transfer venue pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses." *Abercrombie v. Continental Casualty Co.*, 295 F. Supp. 2d at 607 n. 2. Here, in contrast, defendant Aetna moves to transfer for the convenience of the parties under § 1404(a), and thus *Abercrombie* is inapposite.[1]

The Court further finds that North Carolina is more convenient for the parties and witnesses, and provides greater ease of access to evidence. Plaintiff contends that this district is equally convenient because this case will be heard on the administrative record without testimony or depositions. Plaintiff alternatively argues that if discovery is needed, it will be limited to interrogatories and directed to defendant's home office in Connecticut, not North Carolina. Plaintiff also argues that this district would be convenient because, per local rules, parties can appear for ADR by telephone with court approval. Defendant, in contrast, asserts that oral discovery and trial testimony may be necessary, and thus that North Carolina is the more convenient forum. Defendant also asserts that litigants need to personally attend mandatory ADR and may want to attend court hearings.

For the purposes of resolving the instant motion, the Court need not decide whether plaintiff's claims against defendant will be adjudicated purely on the administrative record, whether discovery and trial testimony will be necessary, or whether ADR requires the physical presence of the litigants. Defendants have submitted evidence that plaintiff, her former employer, and the medical providers who evaluated her conditions are all located in North Carolina. Plaintiff does not dispute that her only connection to this district is the location of her counsel. Even if discovery is directed to defendant's home office in Connecticut, North Carolina is closer to Connecticut and thus is a more convenient venue than this district.

---

[1] Plaintiff's reliance on *Cyr v. Reliance Standard Life Insurance Company*, 642 F.3d 1202 (9th Cir. 2011), is also misplaced. In *Cyr*, the Ninth Circuit addressed the issue of who is a proper defendant in an ERISA case, and the court did not examine venue under § 1404(a).

The remaining factors are largely neutral in the transfer analysis. Where federal law governs all claims raised, as here, "either forum is equally capable of hearing and deciding those questions." *Dealtime.com Ltd. v. McNulty*, 123 F. Supp. 2d 750, 757 (S.D.N.Y. 2000). Finally, North Carolina arguably has a greater interest in the controversy due to the plaintiff's residence and alleged denial of benefits in that state.

## CONCLUSION

For the foregoing reasons and good cause shown, the Court hereby GRANTS defendant's motion to transfer venue, and TRANSFERS this action to the United States District Court for the Middle District of North Carolina. (Docket Nos. 15, 20, 21)

**IT IS SO ORDERED.**

Dated: September 6, 2011

SUSAN ILLSTON
United States District Judge